**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road, Building 6
Moorestown, New Jersey 08057
(856) 795-2181
*Attorneys for Plaintiffs*
*By:* Steven J. Bushinsky, Esquire
W. Daniel Feehan, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL, AIR, RAIL, TRANSPORTATION WORKERS INTERNATIONAL ASSOCIATION LOCAL 27 ANNUITY, HEALTH & WELFARE, EDUCATION AND SUPPLEMENTAL UNEMPLOYMENT FUNDS for themselves and said FUNDS, and the SHEET METAL, AIR, RAIL, TRANSPORTATION WORKERS INTERNATIONAL ASSOCIATION LOCAL UNION 27,<br><br>*Plaintiffs,*<br><br>vs.<br><br>HALO-MARX SHEET METAL D/B/A MARX SHEET METAL & MECHANICAL, INC.<br><br>*Defendant.* | Civil Action No.<br><br><br>COMPLAINT |

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Plaintiff Funds are administered in the State of New Jersey, and the breach took place in New Jersey.

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4. Plaintiffs, Trustees of the Sheet Metal, Air, Rail, Transportation Workers International Association Local 27 Annuity, Health & Welfare, Education and Supplemental Unemployment Benefit Funds ("Funds" or "Plaintiff Funds"), are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants. The Funds qualify to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

5. The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

2

6. The Trustees are "Fiduciaries" of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

7. The Funds maintain their principal place of business at 322 Squankum-Yellowbrook Road, Farmingdale, NJ 07727.

8. The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

9. Plaintiff, Sheet Metal, Air, Rail, Transportation Workers International Association Local Union 27 ("Union" or "Plaintiff Union") brings this action for dues checkoffs and other contributions owed by Defendant pursuant to the terms and conditions of the parties' collective bargaining agreement.

10. The Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry affecting commerce.

11. The Union maintains it principal place of business at 322 Squankum-Yellowbrook Road, Farmingdale, New Jersey 07727.

12. Defendant, Halo-Marx Sheet Metal d/b/a Marx Sheet Metal & Mechanical, Inc. are collectively referred to as "Defendant Halo-Marx" or "employer" or "party in interest" as defined in 29 U.S.C. §1002(5) and (14) respectively and was and/or is an employer in an industry affecting commerce within

3

the meaning of Section 301 of LMRA, 29 U.S.C. §185.

13. Upon information and belief, Defendant Halo-Marx's principal place of business is located at 14 Easy Street, Bound Brook, New Jersey 08805.

14. Defendant Halo-Marx conducts and/or has conducted business in the State of New Jersey.

## COUNT ONE
## Failure to Remit Contributions

15. The Plaintiff Funds incorporate the allegations in Paragraphs 1 through 14 of this Complaint as if set forth herein in their entirety.

16. At all times relevant hereto, Defendant Halo-Marx was party to and/or agreed to the Collective Bargaining Agreement in effect between Defendant Halo-Marx and the Union which requires that certain contributions be made to Plaintiff Funds on behalf of eligible members who have worked for Defendant Halo-Marx.

17. By virtue of the CBA, Defendant Halo-Marx agreed to abide by the terms of the Agreement and Declaration of Trust which govern the Funds ("Trust Agreement"). The Trust Agreement sets forth the rules and regulations with respect to participation in and administration of the Plaintiff Funds. In particular, the Trust Agreement, in accordance with federal law and administrative regulations, requires that fringe benefit contributions be made for eligible participants on a timely basis.

18. Defendant Halo-Marx has failed to remit or has only remitted a portion of the required contributions to the Funds for the benefit of its employees for the

period of, including but not limited to, August 1, 2022 through October 2, 2022.

19. Defendant Halo-Marx has failed to remit the required contributions to the Plaintiff Funds for the benefit of their eligible employees.

20. Payment of the delinquent contributions and penalties assessed against Defendant Halo-Marx has been demanded by the Funds, but Defendant Halo-Marx has refused to submit the required payments.

21. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

22. Defendant Halo-Marx's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

23. This action is brought by the fiduciaries of the above funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty-percent, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, Plaintiff Funds respectfully request the following relief:

(A) Order Defendant Halo-Marx to pay contributions due and owing to the Plaintiff Funds;

(B) Order Defendant Halo-Marx to pay interest on the delinquent

contributions at the rate as provided by 29 U.S.C. §1132(g);

(C)   Order Defendant Halo-Marx to pay liquidated damages as provided by 29 U.S.C. §1132(g);

(D)   Order Defendant Halo-Marx to specifically perform all obligations to the Plaintiff Funds under the collective bargaining agreement;

(E)   Order Defendant Halo-Marx to pay Funds' reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(F)   Order such other and further relief as this Court may deem just and appropriate.

## COUNT 2
### Failure to Remit Dues Check-offs

24.   Plaintiffs incorporate the allegations of Paragraphs 1 through 23 of this Complaint as if set forth herein in their entirety.

25.   Defendant Halo-Marx is signatory to, or has assented to, the CBA with Plaintiff Union and employs members of Plaintiff Union.

26.   Defendant Halo-Marx failed to remit dues check-offs for the period of including, but not limited to, August 1, 2022 through October 2, 2022.

27.   Defendant Halo-Marx violated the CBA by failing to remit dues check-offs and other contributions to the Plaintiff Union.

28.   Payment of the dues check-off amounts have been demanded by the

Plaintiff Union, but Defendant Halo-Marx has refused to submit the required payments.

**WHEREFORE**, Plaintiff Union respectfully requests that this Court:

(A)  Order Defendant Halo-Marx to pay dues-checkoffs due and owing to the Plaintiff Union; and

(B)  Order such further legal, equitable or other relief as is just and proper.

## CERTIFICATION
Pursuant to L. Civ. R. 11.2

Plaintiffs, by and through its undersigned counsel, hereby certify that this matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*

_____
W. Daniel Feehan, Esquire
Steven J. Bushinsky, Esquire
509 S. Lenola Road, Building 6
Moorestown, NJ 08057
856-795-2181
dfeehan@obbblaw.com

Dated: 11/1/2022